# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

### CASE NO.:

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

v.

MIRSKY REALTY GROUP, LLC, BRIDGET R. YEAKLE, BONNIE ANNE PETERS AND MARK R. ZAHEDI,

      Defendants.

_____

### **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through undersigned counsel, brings this Complaint against Defendant MIRSKY REALTY GROUP, LLC, BRIDGET R. YEAKLE, BONNIE ANNE PETERS AND MARK R. ZAHEDI for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of AAP's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its real estate photographs. AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

3. Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past eight years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. Defendant MIRSKY REALTY GROUP, LLC ("Mirsky") is a Florida licensed real estate corporation and broker.

5. The other Defendants are real estate sales associates ("real estate sales associate defendants") licensed in the state of Florida who are affiliated with Mirksy.

6. AAP alleges that the real estate sales associate defendants obtained AAP's copyrighted works from prior listings for other properties on multiple listing services of which the real estate sales associate defendants are members in order to carry out their activities as professional real estate agents and brokers.

7. The real estate sales associate defendants copied AAP's copyrighted photographs from these prior real estate listings without AAP's permission.

8. The prior real estate listings that the real estate sales associate defendants obtained to copy AAP's copyrighted photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

2

9. The real estate sales associate defendants distributed AAP's copyrighted photographs also without AAP's permission, such as through real estate listings on multiple listing services.

10. The real estate sales associate defendants committed the violations alleged by copying and distributing AAP's copyrighted works in connection with the real estate sales associate defendants' real estate listings posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of the real estate sales associate defendants' professional real estate businesses.

11. Defendant Mirsky, the broker for the real estate sales associate defendants, appears as listing broker on the real estate listings where the real estate sales associate defendants committed the violations of AAP's exclusive rights under the copyright act.

12. Defendant Mirsky is liable for the infringement by the real estate sales associate defendants because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors." A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B).

13. Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like Mirsky and the real estate sales associate defendants, include an independent contractor relationship when such relationship is intended by and established between a broker (Mirsky) and a sales associate (the real estate sales associate defendants), and furthermore the existence of an independent contractor relationship shall not relieve the broker (Mirsky) of its duties, obligations, or responsibilities, which include

being responsible for the offences of the real estate sales associate defendants.  Fla. Stat. § 475.01(2).

14. As a result, even if Mirsky designates its agents as "independent contractors," the real estate sales associate defendants are "employees" under the Florida Real Estate Code and the common law of principal/agent in Florida, Mirsky is vicariously liable for its agents' acts committed in connection with and in furtherance of Mirsky's real estate brokerage business.

15. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

16. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

17. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

18. Defendants are subject to personal jurisdiction in Florida.

19. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

20. MIRSKY REALTY GROUP, LLC is a limited liability company with its principal place of business at 4580 Donald Ross Road, Suite 107, Palm Beach Gardens, Florida, 33418, and can be served by serving its Registered Agent, Norma L. Mirsky at the same address.

21.     MARK R. ZAHEDI ("Zahedi") is a Florida licensed Real Estate Broker Sales Associate, License Number BK436614, who resides in Palm Beach County, Florida, and can be served at 4951 Bonsai Circle, #111, Palm Beach Gardens, Florida, 33418.

22.     BRIDGET R. YEAKLE ("Yeakle") is a Florida licensed Real Estate Sales Associate, License Number BK436614, who resides in Palm Beach County, Florida, and can be served at 111 Renaissance Drive, North Palm Beach, Florida, 33410.

23.     BONNIE ANNE PETERS ("Peters") is a Florida licensed Real Estate Sales Associate, License Number SL692037, who resides in Pam Beach County, Florida, and can be served at 630 South Sapodilla Avenue, Apartment 303, West Palm Beach, Florida, 33401.

24.     Zahedi, Yeakle and Peters are all employed by (or otherwise affiliated with) Mirsky. When referred to collectively, Zahedi, Yeakle, and Peters will be referred to as the real estate sales associate defendants.

**THE COPYRIGHTED WORK AT ISSUE**

25.     Robert Stevens created four photographs which are shown below and referred to herein as the "Works".



5





**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431



26.     At the time AAP created the Works, AAP applied copyright management information to the Works consisting of the words ©AAP in the bottom left corner of the photographs.

27.     AAP registered the Works with the Register of Copyrights as shown in the table below.  The Certificates of Registration are attached hereto as Exhibit 1.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

| **Work** | **Registration Number** | **Registration Date** |
|---|---|---|
| Trump Plaza Shot, published July 9, 2010 | VA 1-935-203 | 10.22.2014 |
| Trump Plaza game room AAP 2011, Nov. 22, 2011 | VA 1-970-038 | 09.16.2015 |
| Esplanade Grande Boat 2009 AAP, Feb. 3, 2009 | VA 1-967-749 | 07.07.2015 |
| Esplanade Grande pool AAP 2013, Feb 8, 2013 | VA 1-967-718 | 07.16.2015 |

28. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

29. At all relevant times AAP was the owner of the copyrighted Works at issue in this case. AAP became the owner of the copyrighted Works either by virtue of the fact that the Works were works for hire taken by Robert Stevens in the course and scope of his employment for AAP, and/or by written assignment from Stevens to AAP, including assignment of the copyright registrations for said Works.

**INFRINGEMENT BY DEFENDANTS**

30. The Defendants have never been licensed to use the Works at issue in this action for any purpose.

31. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Works or made derivative works from the Works.

32. Zahedi, Yeakle and Peters copied AAP's copyrighted Works from prior listings for other properties on multiple listing services of which Defendants are members, obtained the Works from the internet, or obtained them from other real estate associates.

33. After Zahedi, Yeakle and Peters copied the Works, they made further copies and distributed the Works on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Works or similar properties as part of their professional real estate businesses.

34. The real estate sales associate defendants copied and distributed AAP's copyrighted Works in connection with their real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Mirsky's professional real estate business, and in the course and scope of rendering professional real estate services as associates and brokers.

35. The real estate sales associate defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

36. In connection with their infringement of the Works at issue in this action, the real estate sales associate defendants removed copyright management information from the Works as evidenced by the documents attached hereto as Exhibit 2.

37. Neither AAP nor Stevens ever gave the real estate sales associate defendants permission or authority to copy, distribute or display the Works at issue in this case, or create derivative works or the Works.

38. Neither AAP nor Stevens ever gave the real estate sales associate defendants permission or authority to remove copyright management information from the Works at issue in this case.

39. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST THE REAL ESTATE SALES ASSOCIATE DEFENDANTS

40. Plaintiff incorporates the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. AAP owns valid copyrights in the Works at issue in this case.

42. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. The real estate sales associate defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

44. The real estate sales associate defendants performed the acts alleged in the course and scope of their business activities.

45. AAP has been damaged.

46. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT MIRSKY

47. Plaintiff AAP incorporates the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

48. AAP owns valid copyrights in the Works at issue in this case.

49. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

50. The real estate sales associate defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

51. Defendant Mirsky profited from the direct infringement of exclusive rights of AAP in the Works at issue in this case under the Copyright Act while declining to exercise a right to stop it.

52. Alternatively, Defendant Mirsky is liable for the direct infringement of the exclusive rights of AAP in the Works at issue in this case under the Copyright Act because Mirsky acted as the broker for the real estate sales associate defendants in connection with each violation alleged and under the Florida Real Estate Code and the common law of principal/agent in Florida.  Mirsky is vicariously liable for its agents' acts committed in connection with and in furtherance of Mirsky's real estate brokerage business.

53. AAP has been damaged.

54. The harm caused to AAP has been irreparable.

### COUNT III
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### AGAINST THE REAL ESTATE SALES ASSOCIATE DEFENDANTS

55. Plaintiff incorporates the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

56. The Works at issue in this case contain copyright management information ("CMI").

57. The real estate sales associate defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

58. The real estate sales associate defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

59. The real estate sales associate defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

60. AAP has been damaged.

61. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against all the defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 12, 2018                  Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar Number:  1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*