UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

CASE NO.: 9:18-CV-80158

     Plaintiff,

vs.

MIRSKY REALTY GROUP, LLC,
BRIDGET R. YEAKLE, BONNIE
ANN PETERS AND MARK R.
ZAHEDI,

     Defendants.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

The Defendants, Mirsky Realty Group, LLC, Bridget R. Yeakle and  Bonnie Anne Peters, (collectively, "Defendants"), by and through the undersigned Counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby files this Answer, Affirmative Defenses, and Demand for Trial by Jury, in response to the Complaint filed on February 13, 2018, as more specifically set forth below.

### SUMMARY OF ACTION

1. Defendants are without knowledge and/or information to either admit or deny the allegations contained with paragraphs 1 through 3 and 15 of the Complaint, and therefore deny the same.

2. Defendants deny the allegations contained with paragraphs 4 and 5 of the Complaint.

3.      Defendants deny the allegations contained with paragraphs 6 through 14 of the Complaint.

4.      Defendants are without knowledge and/or information to either admit or deny the allegations contained with paragraph15 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

5.      Defendants admit that Plaintiff alleges that this is "an action arising under the Copyright Act, 17 U.S.C. § 501," as alleged in paragraph 16 of the Complaint, but deny each and every allegation and/or inference of liability, if pled therein.

6.      Defendants admit the allegations contained with paragraphs 17 and 18 of the Complaint.

7.      Defendants admit that venue is proper in this district and that this Court has personal jurisdiction over Defendants as alleged in paragraph 19 of the Complaint, but deny each and every other allegation in that paragraph.

## DEFENDANTS

8.      Defendants admit the allegations contained with paragraphs 20 through 24 of the Complaint.

## THE COPYRIGHTED WORK AT ISSUE

9.      Defendants are without knowledge and/or information to either admit or deny the allegations contained within paragraphs 25 through 29 of the Complaint, and therefore deny the same.

**INFRINGEMENT BY DEFENDANTS**

10.    Defendants are without knowledge and/or information to either admit or deny the allegations contained with paragraph 30 and 39 of the Complaint, and therefore deny the same.

11.    Defendants deny the allegations contained with paragraphs 31 through 38 of the Complaint.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**AGAINST THE REAL ESTATE ASSOCIATES DEFENDANTS**

12.    As set forth in paragraphs 1 through 10 hereinabove, Defendants repeat the responses to paragraphs 1 through 39 as the responses to the allegations contained within paragraph 40 of that pleading.

13.    Defendants are without knowledge and/or information to either admit or deny the allegations contained with paragraphs 41 and 42 of the Complaint, and therefore deny the same.

14.    Defendants deny the allegations contained with paragraphs 43 through 46 of the Complaint.

15.    Defendants deny each and every allegation and/or inference contained with the Complaint if not specifically admitted herein.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**AGAINST DEFENDANT MIRSKY**

16.    As set forth in paragraphs 1 through 10 hereinabove, Defendants repeat the responses to paragraphs 1 through 39 as the responses to the allegations contained within paragraph 47 of that pleading.

17.     Defendants are without knowledge and/or information to either admit or deny the allegations contained with paragraphs 48 and 49 of the Complaint, and therefore deny the same.

18.     Defendants deny the allegations contained with paragraphs 50 through 54 of the Complaint.

19.     Defendants deny each and every allegation and/or inference contained with the Complaint if not specifically admitted herein.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## AGAINST THE REAL ESTATE SALES ASSOCIATES DEFENDANTS

20.     As set forth in paragraphs 1 through 10 hereinabove, Defendants repeat the responses to paragraphs 1 through 39 as the responses to the allegations contained within paragraph 55 of that pleading.

21.     Defendants deny the allegations contained with paragraphs 56 through 61 of the Complaint.

22.     Defendants deny each and every allegation of an entitlement to judgment for the recovery of damages and attorney's fees pled within the "WHEREFORE" paragraph immediately following paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

23.     **FIRST AFFIRMATIVE DEFENSE:** Defendants affirmatively state that the alleged conduct constitutes fair use pursuant to 17 U.S. Code § 107.

24.     **SECOND AFFIRMATIVE DEFENSE:** Defendants affirmatively state they were granted an actual or implied license to the works described in the Complaint.

25.     **THIRD AFFIRMATIVE DEFENSE:** Defendants affirmatively state that to the extent its actions have caused any infringement on the rights of Plaintiff, whether

under the principles of copyright or other law or doctrine, Defendants' actions were undertaken with innocent intent.

26.    **FOURTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff's right to recovery is barred, in whole or in part, to the extent Plaintiff failed to mitigate its alleged damages.

27.    **FIFTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff's claims are barred to the extent that the content at issue in this case is not subject to valid registered copyrights under the Copyright Act, they are not properly registered with the U.S. Copyright Office, or the Plaintiffs have failed to comply with renewal, notice, and registration requirements or with other necessary formalities.

28.    **SIXTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff's claims are barred to the extent that the copyright registrations alleged in the Complaint cover works that are substantially different from those allegedly infringed by Defendant.

29.    **SEVENTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that some or all of Plaintiff's claims are barred, or Plaintiff's are entitled to no damages, due to the "first sale" doctrine. *See* 17 U.S.C. § 109 (2008).

30.    **EIGHTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff is barred from recovering statutory damages or attorney's fees pursuant to 17 U.S.C. § 412.

31.    **NINTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff does not have proper standing to pursue the claims made in the Complaint

and/or relief sought therein to the extent that it does not own all rights to the works at issue, or have unlawfully exceeded the rights.

32.    **TENTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that Plaintiff's claims are barred to the extent Plaintiff or its representatives have acted in bad faith. By its own conduct and actions, Plaintiff has waived its right to recovery, including, but not limited to, statutory damages or attorney's fees.

33.    **ELEVENTH AFFIRMATIVE DEFENSE:**  Defendants affirmatively state that the claims of Plaintiff are barred by the doctrine of unclean hands. Specifically, Plaintiff's claims are barred by unclean hands to the extent that Plaintiff failed to property control the distribution of its works, failed to protect its copyrights form infringement by others, failed to instruct or warn of infringing materials in determining which works were allegedly unauthorized or otherwise improper, and other conduct.

34.    **TWELFTH AFFIRMATIVE DEFENSE:** Defendants affirmatively state that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendants, Mirsky Realty Group, LLC; Bridget R. Yeakle; and Bonnie Anne Peters, respectfully request judgment be entered in their favor on all issues being raised by Plaintiff and for recovery for its costs and attorney's fees.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action for all issues so triable.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF to: Joel B. Rothman; Schneider, Rothman Intellectual Property Group, PLLC, joel.rothman@sriplaw.com; alex.cohen@sriplaw.com; 4651 North Federal Highway, Boca Raton, FL 33431 this _ 21ˢᵗ____ day of March, 2018.

KLEIN GLASSER PARK & LOWE, P.L.
*Counsel for Defendants*
303 Banyan Blvd. – Suite 300
West Palm Beach, Florida 33401
Telephone:   (561) 655-1500
Facsimile:   (561) 659-2093

By:_ /s/ Helen L. Miranda_____
   HELEN LEEN MIRANDA, ESQ.
   Florida Bar No. 65439
   mirandah@kgplp.com
   THOMAS E. JABLONSKI, ESQ.
   Florida Bar No. 121866
   jablonskit@kgplp.com